IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| Walter Craig STREETER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Department of Public Safety; )<br>Trooper M. FRAZIER; and Colonel )<br>Chris WRIGHT, in his official )<br>capacity as Commissioner of the )<br>Department of Public Safety; )<br>)<br>Defendants. )<br>) | **Civil Action No.**<br><br>**2:21-cv-00107-LGW-BWC**<br><br>**Jury Trial Demanded** |

## [PROPOSED] SECOND AMENDED COMPLAINT

COMES NOW, Walter Streeter ("Mr. Streeter" or "Plaintiff"), and files this *Second Amended Complaint* against the above-named Defendants as follows:

**I.   INTRODUCTION**

1. This is an action for discrimination on the basis of disability, brought pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*, and for violations of the Fourth and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. § 1983 ("Section 1983").

2. Mr. Streeter has a condition known as hydrocephalus, in which excessive fluid accumulates within the cavities of the brain. Hydrocephalus is a chronic neurological condition and considered a disability.

3. Mr. Streeter was diagnosed with a benign brain tumor at two years old. Mr. Streeter had to undergo surgery to remove the tumor and to have a ventriculoperitoneal shunt permanently placed in his head.

4. Mr. Streeter's hydrocephalus affects his coordination and balance. For example, he is unable to walk in a straight line, experiences sudden falls, and suffers from abnormal hand-eye coordination.

5. On November 8, 2020, Mr. Streeter was falsely arrested and incarcerated at McIntosh County jail for driving under the influence of drugs and/or alcohol. He was innocent of the offense, and there was no probable cause for his arrest, especially considering the officer's knowledge of his disability. His arrest was a direct result of the policies of the Department of Public Safety ("DPS"), for which Defendant Wright bears responsibility, and which do not account for the legal requirement to make accommodations for people with disabilities in the course of investigating such charges. The arrest also resulted from the arresting officer's refusal to take Mr. Streeter's disabilities into consideration and the officer's deliberate indifference to evidence that Mr. Streeter was not under the influence of any drugs or alcohol.

6. Mr. Streeter seeks injunctive and declaratory relief requiring Defendant Wright, in his official capacity as Commissioner of DPS, to take necessary steps to prevent future noncompliance with the ADA and Rehabilitation Act. Mr. Streeter further seeks an appropriate award of damages for each Defendant's tortious actions described herein.

7. Mr. Streeter also seeks to recover his attorneys' fees and costs of litigation.

## II. JURISDICTION AND VENUE

8. This Court has original, federal-question jurisdiction over this action, pursuant to the ADA, Rehabilitation Act, and Section 1983.

9. This Court has personal jurisdiction over the Defendants. The tortious actions in question occurred in McIntosh County, Georgia.

10. Venue is proper in this Court, because McIntosh County, Georgia, is located within this district and division and the events in question occurred therein.

## III. PARTIES

11. Mr. Streeter is a citizen of the State of Florida and resident of St. Lucie County, Florida.

12. Mr. Streeter suffers from a disability, hydrocephalus.

13. Because of his hydrocephalus, Mr. Streeter experiences challenges with walking, coordination, and balance. He is thus a "qualified individual with a disability," covered by the ADA, 42 U.S.C. § 12131.

14. The Department of Public Safety ("DPS"), which oversees the Georgia State Patrol, is a constitutional office and a public entity within the meaning of Title II of the ADA.

15. The DPS may be served with the summons and complaint at 959 United Avenue, S.E., Atlanta, Georgia 30316.

16. Defendant Wright is sued only in his official capacity as Commissioner of the DPS. As Commissioner of the DPS, Defendant Wright bears official responsibility for the misconduct described herein. *Ex parte Young*, 209 U.S. 123, 157 (1908) ("The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists."). *See also Luckey v. Harris*, 860 F.2d 1012, 1015-16 (11th Cir. 1988) (discussing same).

17. As Commissioner of the DPS, Defendant Wright also bears official responsibility for the injunctive relief Mr. Streeter seeks.

18. Defendant Frazier is the Georgia State Patrolman who arrested Mr. Streeter.

19. Defendant Frazier is sued only in his individual capacity.

20. Defendant Frazier may be served with the summons and complaint by personal service at his home.

## IV. FACTS

21. On November 8th, 2020, at approximately 5:00 p.m., Defendant Frazier pulled Mr. Streeter over.

22. When he was pulled over, Mr. Streeter was driving safely and professionally, at a reasonable rate of speed.

23. During the traffic stop, Mr. Streeter was compliant, lucid, and alert, and he did not exhibit any signs of intoxication.

24. Mr. Streeter did not have a sleepy affect, bloodshot eyes, or otherwise show signs of intoxication.

25. Defendant Frazier asked Mr. Streeter to agree to a standard field sobriety test (SFST).

26. Mr. Streeter explained to Defendant Frazier that his balance is impaired by a physical disability—hydrocephalus—resulting from a brain tumor he developed as an infant.

27. Mr. Streeter showed Defendant Frazier the ventriculoperitoneal shunt installed in his head in treatment of this brain tumor.

28. Because his hydrocephalus compromises the reliability of an SFST, Mr. Streeter instead volunteered to take a breathalyzer and on-site drug test.

29. Defendant Frazier said he would consider the request and then proceeded to ask Mr. Streeter to perform the three standard, balance-oriented sobriety tests: horizontal gaze nystagmus, walk and turn, and one-leg stand.

30. Because of Mr. Streeter's disability, he was unable to pass the three standard sobriety tests.

31. Defendant Frazier gave Mr. Streeter a breathalyzer test. It registered a blood-alcohol content of zero.

32. Because of Mr. Streeter's inability to pass the balance tests, Defendant Frazier handcuffed Mr. Streeter's hands behind his back and transported him to the McIntosh County jail. Mr. Streeter was charged with aggressive driving and driving under the influence ("DUI").

33. Mr. Streeter hired a criminal defense attorney, Frank G. Podesta, Esq., for his aggressive-driving and DUI charges.

34. During prosecution, all toxicology reports showed negative results, proving without a doubt that Mr. Streeter was not under the influence of drugs or alcohol.

35. On January 11, 2021, three months after his arrest, the State Court of McIntosh County granted Mr. Streeter a Motion for Nolle Prosequi of both his DUI and his aggressive-driving charges.

36. The Department of Public Safety's policies do not address the need to accommodate persons with disabilities in traffic stops and/or DUI investigations.

37. In response to an Open Records Act request for all of the Georgia Department of Public Safety's policies and procedures regarding traffic and/or DUI investigations of persons with disabilities, the materials attached as Exhibit A to this complaint were produced. The materials show no policies exist for traffic and/or DUI investigations of balance-impaired persons with disabilities.

38. The Department of Public Safety's failure to implement such policies is the result of deliberate indifference by agency officials, including by Defendant Wright.

39. Mr. Streeter is gravely concerned that if the Defendant continues its practice of failing to accommodate individuals with disabilities during traffic stops and/or DUI investigations, non-intoxicated citizens including himself will continue to be falsely arrested due to their disability.

40. Mr. Streeter was arrested solely based on the symptoms of his disability—despite showing no visible signs of intoxication and despite registering a blood-alcohol content of zero on a breathalyzer.

41. Because of his false arrest for a DUI, Mr. Streeter has suffered tremendous inconvenience, emotional distress, pain and suffering, financial hardship, and limitations to his career trajectory.

V. **LEGAL CLAIMS**

**Count I – Title II of the Americans with Disabilities Act (ADA)**

42. By this reference, Plaintiff incorporates the above factual statements as if fully stated herein.

43. Title II of the ADA provides that no "public entity" shall discriminate against an individual with a disability with respect to said entity's functions.

44. The Department of Public Safety ("DPS") is a "public entity" covered by the ADA.

45. "Discrimination" in this context includes failing to provide a disabled person with accommodations in any of the public entity's functions.

46. Plaintiff contends that DPS has a legal duty to accommodate disabled individuals during traffic stops and/or DUI investigations. DPS is

responsible for the failure to provide disabled persons with reasonable accommodations in such circumstances.

47. Plaintiff is entitled to relief under Title II of the ADA, including an order that the Department of Public Safety make reasonable modifications to its policies and practices to ensure that disabled people do not suffer further discrimination.

48. Plaintiff is entitled to recover compensatory damages for the turmoil he experienced, including fear, humiliation, anger, and other forms of emotional distress, as a result of the violations of the ADA described herein, due to Defendant DPS's deliberate indifference to the rights of disabled people.

49. Defendant Wright, as Commissioner of DPS, is a DPS official with the authority to implement non-discriminatory policies, and his failure to implement such policies is the result of deliberate indifference.

50. The facts presented herein evidence deliberate indifference, in that Mr. Streeter requested reasonable accommodations in the form of a breathalyzer and on-site drug test, and his obvious needs and specific requests were completely ignored because of decisions by those with policy-making authority, such as Defendant Wright, not to implement ADA-compliant policies pertaining to the point of arrest.

51. Plaintiff is entitled to additional relief under the ADA, including attorneys' fees and costs.

**Count II – Rehabilitation Act**

52. By this reference, Plaintiff incorporates the above factual statements as if fully stated herein.

53. The Rehabilitation Act provides that no entity receiving federal funds shall discriminate against an individual based on that individual's handicap.

54. The Department of Public Safety is an entity that receives federal funds in numerous areas, including law enforcement and corrections.

55. The Rehabilitation Act prohibits discrimination coextensive to Title II of the ADA.

56. Defendant DPS is liable to Plaintiff under the Rehabilitation Act to the same extent as under the ADA, as set forth *supra*.

**Count III – Fourth and Fourteenth Amendments**

57. By this reference, Plaintiff incorporates the above factual statements as if fully stated herein.

58. The Fourteenth Amendment of the United States Constitution incorporates the Fourth Amendment to prohibit unreasonable searches and seizures of private citizens by States and their agents.

59. An arrest executed without probable cause violates this prohibition against unreasonable searches and seizures.

60. Defendant Frazier arrested Mr. Streeter without probable cause. Defendant Frazier was aware of Mr. Streeter's disability, had seen the shunt installed in Mr. Streeter's cranium, and had seen Mr. Streeter "blow a zero" in his breathalyzer test, yet he arrested Mr. Streeter anyway.

61. As a result of this arrest, Mr. Streeter was incarcerated and subject to criminal prosecution for three months, causing him substantial harm, including but not limited to financial loss, emotional distress, and mental anguish.

62. Defendant Frazier is liable, in his individual capacity, for his unconstitutional actions pursuant to 42 U.S.C. § 1983, because he was acting under color of state law.

63. Defendant Frazier's actions violated clearly established law and he is therefore not entitled to qualified immunity.

WHEREFORE, Plaintiff prays:

a. for a trial by jury;

b. for judgment in his favor on the claims asserted herein;

c. for an order the Department of Public Safety to be in violation of the ADA and Rehabilitation Act with regard to their failure to provide adequate accommodations for the Plaintiff and other disabled individuals;

d.	for an order requiring that the Department of Public Safety to make reasonable modifications to its policies and practices such that Plaintiff's disability may be adequately accommodated;

e.	that Defendants be required to pay compensatory damages to Plaintiff, in an amount determined by the enlightened conscience of the jury;

f.	that Plaintiff be awarded reasonable attorneys' fees and costs; and

g.	that the Court grant other legal and equitable relief as the Court finds appropriate.

Respectfully submitted this August 31, 2022.

/s/ James Radford_____
James Radford
Georgia Bar No. 108007
Counsel for Plaintiff

RADFORD & KEEBAUGH, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300
james@decaturlegal.com